UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MASTER SPAS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:25-cv-00367 |
| | ) | |
| vs. | ) | |
| | ) | INJUNCTIVE RELIEF REQUESTED |
| NATIONWIDE SPAS, INC. d/b/a | ) | |
| PARADISE SPAS AND OUTDOOR | ) | |
| LIVING, a Texas corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

Plaintiff, Master Spas, LLC ("Master Spas"), for its Complaint against Defendant, Nationwide Spas, Inc. d/b/a Paradise Spas and Outdoor Living ("Nationwide Spas"), alleges and says as follows:

### THE PARTIES

1. Master Spas is an Indiana limited liability company engaged in the business of providing home wellness solutions, including hot tubs, swim spas, cold tubs, and saunas with its principal place of business at 6927 Lincoln Parkway Drive, Fort Wayne, Indiana 46804.

2. Nationwide Spas is a North Dakota corporation with a principal place of business at 1615 S. Broadway, Minot, North Dakota 58701, and is registered to do

Page **1** of **17**

business in the state of Texas at 11066 Pecan Park Boulevard, Suite 107, Cedar Park, Texas 78613.

## JURISDICTION

3.This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States of America, specifically the provisions of the Lanham Act and the Copyright Act.

5.Nationwide Spas is subject to personal jurisdiction in the State of Texas because Nationwide Spas conducts business, carries on a business venture, has committed tortious acts in, and maintains a place of business in Texas.

## VENUE

6.Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because Nationwide Spas resides in this judicial district, and a substantial part of the events or omissions giving rise to claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

7.Master Spas has registered trademarks with the United States Patent and Trademark Office and has developed the reputation as a good company that offers fair prices and provides excellent customer service in the business of manufacturing products, including hot tubs, swim spas, cold tubs, and saunas.

8. Master Spas is known throughout the United States of America and most of the world.

9. The trademarks set forth in paragraphs 13-17 of this Complaint (the "Trademarks") are famous as defined by 15 U.S.C. § 1125.

10. Master Spas has spent considerable amounts of money in establishing the Trademarks in the minds of its customers as a source of fairly priced and high-quality hot tubs and swim spas and as a company that provides excellent customer service.

11. The Trademarks have become associated in the minds of purchasers with Master Spas as a company where swim spas, hot tubs, and cold tubs can be purchased at a fair price, with excellent quality service, and quality product received.

12. Master Spas' rights in the Trademarks dates back to at least as early as 1996, when Master Spas was founded.

13. Master Spas obtained US Trademark Registration No. 2,450,540 for the trademark "Master Spas."

14. Master Spas obtained US Trademark Registration No. 423,1752 for the trademark "Twilight Series."

15. Master Spas obtained US Trademark Registration No. 3,256,820 for the trademark "H2X."

16. Master Spas obtained US Trademark Registration No. 4,551,970 for the trademark "Healthy Living."

17. Master Spas obtained US Trademark Registration No. 6,255,589 for the trademark "Clarity Spas."

18. Master Spas registered photos with the Register of Copyrights under registration numbers for at least two of the photos used by Nationwide Spas, specifically photo registration No. VA-1-858-036 and No. VA-2-089-351 (the "Copyrighted Works").

### Nationwide Spas' Unlawful Activities

19. In 2023, Master Spas terminated Nationwide Spas as a Master Spas dealer.

20. Upon termination of the dealer agreement between Master Spas and Nationwide Spas, Nationwide Spas' license to utilize Master Spas' intellectual property terminated.

21. However, on or about October 8, 2024 Master Spas learned that Nationwide Spas continued to publish Master Spas' intellectual property in its advertisements.

22. Below are examples from Nationwide Spas' website displaying Master Spas' Trademarks:





Case 1:25-cv-00367-DAE   Document 1   Filed 03/11/25   Page 5 of 17









23. Below are screenshots from Nationwide Spas' website displaying Master Spas' Copyrighted Works:







24. A link to a video recording of Nationwide Spas' website displaying the Trademarks and Copyrighted Works, taken on October 8, 2024, can be accessed at the below link:

https://drive.google.com/file/d/1ppfBTUWMDFUun75ezoSJA6fd5MByomGL/view

25. A link to a video recording of Nationwide Spas' website displaying the Trademarks and Copyrights Works, taken on October 25, 2024, can be accessed at the below link:

https://drive.google.com/file/d/1FiimAGQiv1NR5hmqzTZqw1o0XxsmkYDH/view

26. Shortly after learning of Nationwide Spas' conduct, Master Spas notified Nationwide Spas of its infringing activity. However, Nationwide Spas, as recently as

January 2025, continued to use photos of MasterSpas' products in advertisements, misleading the public.

27. Each time Nationwide Spas posted the Copyrighted Works constitutes a separate infringement under the Copyright Act.

28. Each time Nationwide Spas used the Trademarks constitutes a separate act of trademark infringement.

29. Nationwide Spas' use of the Trademarks and the Copyrighted Works in its advertisements likely caused confusion, mistake, or deception by potential purchasers as to the source of its goods. Purchasers were likely to purchase goods from Nationwide Spas believing Master Spas is affiliated with those goods, thereby resulting in loss of sales by Master Spas.

30. Because of the confusion as to the source caused by Nationwide Spas, Master Spas' valuable goodwill with respect to the Trademarks and the Copyrighted Works are at Nationwide Spas' mercy.

31. Nationwide Spas' use of the Trademarks and the Copyrighted Works has caused and will cause confusion, mistake, and deception of customers as to the source of origin of its goods.

32. Nationwide Spas' use of the Trademarks and the Copyrighted Works has resulted in dilution of Master Spas' exclusive rights in connection with the Trademarks and has been to Master Spas' detriment.

33. Nationwide Spas' actions have been willful and deliberate. The use of the Trademarks and the Copyrighted Works in Nationwide Spas' advertisements is an

obvious attempt to trade on Master Spas' goodwill, which has been to Master Spas' detriment.

34. The goodwill of Master Spas' business under the Trademarks and through the Copyrighted Works is of enormous value, and Master Spas will suffer irreparable harm if Nationwide Spas is allowed to continue to use the Trademarks and the Copyrighted Works, to the detriment of Master Spas' reputation and goodwill.

35. Nationwide Spas' actions will continue unless enjoined by this Court.

## COUNT I – COPYRIGHT INFRINGEMENT

36. Master Spas re-alleges and incorporates paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Master Spas owns valid copyrights for the photographs at issue in this case.

38. Master Spas registered the photographs at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 501.

39. After its license terminated and without Master Spas' permission, Nationwide Spas used Master Spas' copyrighted photos (i.e. the Copyrighted Works) in Nationwide Spas' advertisements.

40. Nationwide Spas' acts and/or omissions constitute infringement of Master Spas' copyrights.

41. Nationwide Spas has violated Master Spas' exclusive rights as the copyright owner of the Copyrighted Works by reproducing and publishing the Copyrighted Works without Master Spas' consent.

42. Nationwide Spas' deliberate copying and use of the Copyrighted Works and infringement of Master Spas' copyrighted content is willful.

43. Master Spas has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Nationwide Spas' infringements and threatened infringements of Master Spas' copyrights.

44. Nationwide Spas has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

45. Since the date of first publication, Master Spas has complied with all pertinent provisions of the federal Copyright Act and all other laws governing copyrights.

46. As a direct result of Nationwide Spas' infringement, Master Spas suffered damages in an amount to be determined at trial.

47. Master Spas is entitled to, among other relief, an injunction and an award of actual damages; Nationwide Spas' profits or statutory damages up to $150,000.00; enhanced damages; reasonable attorney's fees and the costs of this action under the Copyright Act; together with prejudgment and post-judgment interest.

## COUNT II – TRADEMARK INFRINGMENT
## (FALSE DESIGNATION OF ORIGIN)

48. Master Spas re-alleges and incorporates paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Nationwide Spas' use of the Trademarks constitutes a false designation of origin. That false designation is likely to deceive and has likely deceived Master Spas'

customers and prospective customers into believing the hot tubs and swim spas Nationwide Spas offers for sale are affiliated with Master Spas. As a consequence, Nationwide Spas' actions are likely to divert and have diverted customers away from Master Spas.

50. Nationwide Spas' use of the Trademarks is likely to cause confusion and deception in the marketplace and to divert potential sales of Master Spas to Nationwide Spas.

51. That adverse reflection has resulted, and will result, in the loss of sales by Master Spas and has or will negate the considerable expenditures by Master Spas to promote its goods under the Trademarks.

52. As a direct result of Nationwide Spas' infringement, Master Spas suffered damages in an amount to be determined at trial.

53. Nationwide Spas' false designation of origin will continue unless enjoined by this Court.

54. Master Spas is entitled to, among other relief, an order declaring that Nationwide Spas' actions infringe the Trademarks; an injunction and an award of actual damages; Nationwide Spas' profits; enhanced damages; reasonable attorney's fees and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with prejudgment and post-judgment interest.

## COUNT III – TRADEMARK DILUTION

55. Master Spas re-alleges and incorporates paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Nationwide Spas' use and advertisement of its products under the Trademarks have or are likely to injure Master Spas' business reputation, and have or are likely to dilute the distinctive quality of Master Spas' name, product, and customer service in violation of both Texas law and Federal statutes.

57. Master Spas has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Nationwide Spas' infringements and threatened infringements of Master Spas' trademark rights.

58. Nationwide Spas has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

59. As a direct result of Nationwide Spas' infringement, Master Spas suffered damage in an amount to be determined at trial.

60. Master Spas is entitled to, among other relief, an order declaring that Nationwide Spas' actions infringe the Trademarks; an award of actual damages; Nationwide Spas' profits; enhanced damages; reasonable attorney's fees and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. § 1116, 1117; together with prejudgment and post-judgment interest.

## **COUNT IV – UNFAIR COMPETITION**

61. Master Spas re-alleges and incorporates paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Nationwide Spas, by its unauthorized appropriation and use of Master Spas' Trademarks and the Copyrighted Works, has engaged and is continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the

source and sponsorship of material, wrongful deprivation of Master Spas' good name and reputation, and the wrongful deprivation of Master Spas' right to public recognition and credit as owner of the Trademarks and owner of the Copyrighted Works.

63. Master Spas' action concerning Nationwide Spas' unfair competition, deceptive advertising, and unfair trade practices is related to Master Spas' copyright infringement and trademark infringement actions, since all actions are based on the same operative facts.

64. Nationwide Spas has published the infringing content, which contains Master Spas' Trademarks and the Copyrighted Works, resulting in consumer confusion as to the source of the content. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act and under Texas law.

65. Nationwide Spas published the infringing content with the intent to confuse or deceive the public and Master Spas' customers. Nationwide Spas has been unjustly enriched as a result of its actions.

66. As a direct result of Nationwide Spas' unfair competition and unfair trade practices against Master Spas, Master Spas suffered damages in an amount to be determined at trial.

67. Master Spas is entitled to, among other relief, an injunction and an award of actual damages; Nationwide Spas' profits; enhanced damages; reasonable attorney's fees and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with prejudgment and post-judgment interest.

## COUNT V – TEXAS COMMON LAW TRADEMARK INFRINGEMENT

68. Master Spas re-alleges and incorporates paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. Nationwide Spas' use of the Trademarks constitutes a trademark infringement under Texas common law. That infringement is likely to deceive and has likely deceived Master Spas' customers and prospective customers into believing the hot tubs and swim spas Nationwide Spas offers for sale are affiliated with Master Spas. As a consequence, Nationwide Spas' actions are likely to divert and have diverted customers away from Master Spas.

70. Nationwide Spas' use of the Trademarks is likely to cause confusion and deception in the marketplace and to divert potential sales of Master Spas to Nationwide Spas.

71. That adverse reflection has resulted, and will result, in the loss of sales by Master Spas and has or will negate the considerable expenditures by Master Spas to promote its goods under the Trademarks.

72. As a direct result of Nationwide Spas' infringement, Master Spas suffered damages in an amount to be determined at trial.

73. Nationwide Spas' infringement will continue unless enjoined by this Court.

74. Master Spas is entitled to, among other relief, an order declaring that Nationwide Spas' actions infringe the Trademarks; an injunction and an award of actual damages; Nationwide Spas' profits; enhanced damages; reasonable attorney's fees and the costs of this action under Texas common law; together with prejudgment and post-judgment interest.

**WHEREFORE**, Master Spas requests the Court enter judgment against Nationwide Spas:

1. Ordering that Nationwide Spas has infringed upon Master Spas' copyrights and the Trademarks and has violated the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

2. Granting an injunction preliminarily and permanently enjoining Nationwide Spas, its members, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from further infringing upon Master Spas' trademarks and/or copyrights in any manner;

3. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Nationwide Spas are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Master Spas;

4. Directing Nationwide Spas to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all website layouts, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, item descriptions, and other materials that feature or bear any designation, copyright, or trademark owned by Master Spas;

5. Directing that Nationwide Spas take any and all corrective action necessary to abate any likelihood of confusion between its advertisements and content owned by Master Spas.

6. Awarding Master Spas its actual damages and an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(b));

7. Directing that Nationwide Spas pay Master Spas statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

8. Directing that Nationwide Spas account to and pay over to Master Spas all profits realized by Nationwide Spas' wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and/or the Copy Right Act of 1976, enhanced as appropriate to compensate Master Spas for the damages caused thereby;

9. Awarding Master Spas punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

10. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Master Spas its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a));

11. Awarding Master Spas its costs and reasonable attorney's fees under 17 U.S.C. §§ 412, 505;

12. Awarding Master Spas interest, including prejudgment and post-judgment interest, on the foregoing sums; and

13. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Master Spas, by counsel, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**CARSON LLP**

*/s/ Jon A. Bragalone*
Jon A. Bragalone, #3914-02
J. Blake Hike #28601-02
301 W. Jefferson Blvd., Suite 200
Fort Wayne, Indiana 46802
Phone: (260) 423-9411
bragalone@carsonllp.com
hike@carsonllp.com

SNEED, VINE & PERRY, P.C.
200 W. 6th Street, Suite 110
Georgetown, Texas 78626

512-930-9775 (Telephone)
512-819-9707 (Telecopier)

_____*/s/ Grace A. Mock*_____
Wayne E. Sanders
Texas Bar No. 24041862
Email: wsanders@sneedvine.com
Grace A. Mock
Texas Bar No. 24126144
Email: gmock@sneedvine.com